[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13581
Non-Argument Calendar

_____

D.C. Docket No. 2:06-cr-14023-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARC JACQUES,
a.k.a. Riggins Elan,
a.k.a. Jason Adams,
a.k.a. Walter King,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 9, 2021)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Marc Jacques appeals the district court's order determining that he was ineligible for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Jacques argues, and the government concedes, that the district court's decision is wrong in light of our intervening decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020). We agree and, accordingly, vacate and remand.

## I.

In 2006, Jacques was charged in an indictment with possession with intent to distribute five grams or more of crack cocaine. *See* 21 U.S.C. § 841(a)(1). With that quantity he was subject to the penalties in 21 U.S.C. § 841(b)(1)(B)(iii). The government filed an information under 21 U.S.C. § 851(a) to establish that he had previously been convicted of four felony drug offenses. As a repeat offender, he faced a minimum sentence of ten years of imprisonment and a maximum sentence of life imprisonment.

At trial, Jacques stipulated that his offense involved 31.6 grams of crack cocaine. The jury returned a general verdict of guilty and a special verdict finding that his offense involved "five grams or more" of crack cocaine.

2

At sentencing, the district court found Jones responsible for 31.6 grams of crack cocaine and determined that he qualified as a career offender. Using the career offender guideline, *see* U.S.S.G. § 4B1.1, the court calculated a guideline range of 360 months to life imprisonment. The court sentenced Jacques to life imprisonment. We affirmed his conviction and sentence on appeal. *United States v. Jacques*, 266 F. App'x 824 (11th Cir. 2008).

Approximately four years after Jacques was sentenced, Congress passed the Fair Sentencing Act of 2010 to reform the penalties for crack-cocaine offenses. *See* Pub. L. 111-220, 124 Stat 2372 (2010); *Kimbrough v. United States*, 552 U.S. 85, 97–98 (2007). As relevant to this case, a defendant now must traffic at least 280 grams of crack cocaine (formerly 50 grams) to trigger the highest penalties, 21 U.S.C. § 841(b)(1)(A)(iii), and 28 grams of crack cocaine (formerly 5 grams) to trigger the intermediate penalties, *id.* § 841(b)(1)(B)(iii). *See* Fair Sentencing Act § 2.[1] Any amount less than 28 grams of crack cocaine (formerly 5 grams) is punishable under 21 U.S.C. § 841(b)(1)(C). But, until recently, these reduced penalties applied to only defendants who were sentenced on or after August 3, 2010, the effective date of the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

---

[1] The Fair Sentencing Act also eliminated the five-year mandatory minimum sentence for simple possession of crack cocaine. Fair Sentencing Act § 3.

3

In the First Step Act, Congress made these reduced penalties retroactive. Section 404 of the First Step Act authorizes the district courts to reduce the sentences of crack-cocaine defendants as if § 2 of the Fair Sentencing Act had been in effect when they committed their crimes. First Step Act § 404(b).

In March 2019, Jacques filed a *pro se* motion for reduction of sentence under § 404 of the First Step Act, arguing that he was eligible for a sentence reduction under the Act. He contended that he was entitled to a reduction due to his post-conviction rehabilitation and provided a record of classes he had completed while incarcerated.

The government opposed Jacques's motion, arguing that his conviction was not a covered offense under the First Step Act. It argued that, because Jacques was responsible for 31.6 grams of crack cocaine, the Fair Sentencing Act did not change his statutory penalty range or his guideline range.

The district court denied Jacques's motion, finding that he was not eligible for a reduction under the First Step Act. Concluding that the First Step Act did not authorize it to reconsider its previous drug-quantity finding made at sentencing, it found that Jacques was responsible for more than 28 grams of crack cocaine, and therefore his statutory maximum remained life imprisonment, under 21 U.S.C. § 841(b)(1)(B), and his career-offender guideline range remained 360 years to life.

Because his guideline range did not change, the district court found that Jacques was not eligible for a reduction under the First Step Act. Jacques now appeals.

## II.

We review *de novo* whether a district court had the authority to modify a term of imprisonment under the First Step Act. *Jones*, 962 F.3d at 1296. District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). As relevant here, the First Step Act expressly permits district courts to "impose a reduced sentence for defendants as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" First Step Act § 404(b).

To be eligible for a reduction under § 404(b), the defendant must have been sentenced for a "covered offense." *Jones*, 962 F.3d at 1298. The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." First Step Act § 404(a).

When the district court decided Jacques's motion, it was an open question whether eligibility for a sentence reduction under the First Step Act was based on the statute of conviction or on the defendant's actual conduct. *See Jones*, 962 F.3d at 1298–1301. Here, the court sided with the government's position and determined

5

Jacques's eligibility based on his actual conduct, specifically its drug-quantity finding of 31.6 grams.

But we have since rejected the argument that the district court "must determine a movant's 'covered offense' by considering the specific quantity of crack cocaine involved in the defendant's violation." *Jones*, 962 F.3d at 1301. Rather, we stated, the court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii). *Id.* And "[a] defendant has a "covered offense" if "the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)." *Id.* So any actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to his eligibility. *Id.*

A district court is authorized—but not required—to reduce the sentence of an eligible defendant "as if" § 2 of the Fair Sentencing Act had been in effect at the time the covered offense was committed. First Step Act § 404(b), (c); *Jones*, 962 F.3d at 1304. This "as-if" requirement imposes two limits on a district court's authority. First, a district court may not reduce a defendant's sentence if he has already received the lowest penalty available to him under the Fair Sentencing Act. Second, in determining what a movant's statutory penalty would have been under

6

the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that "could have been used to determine the movant's statutory penalty at the time of sentencing." *Jones*, 962 F.3d at 1303.

Here, as both parties agree, Jacques has a "covered offense" because his offense, possession with intent to distribute five grams or more of crack cocaine, "triggered the higher penalties in section . . . [841(b)(1)](B)(iii)." *Id.* at 1301. Because the Fair Sentencing Act modified the penalties for crack-cocaine offenses that trigger the penalties in § 841(b)(1)(B)(iii), he has a "covered offense" under the First Step Act, and the district court erred in finding that he was not eligible for a sentence reduction. *Id.*

The parties further agree—and we do, too—that the district court erred in finding that Jacques's statutory sentencing range did not change. At the time of his conviction, the jury's five-gram finding, along with the enhanced penalties, subjected Jacques to a statutory sentencing range of ten years to life imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii) (2006). After the Fair Sentencing Act, that same quantity is punishable under § 841(b)(1)(C), which carries a maximum sentence of thirty years in prison and no mandatory minimum. *Id.* § 841(b)(1)(C).

Jacques was sentenced for a "covered offense," and that offense no longer triggers a mandatory minimum, meaning his life sentence exceeds the lowest statutory penalty available to him under the Fair Sentencing Act. Thus, he is eligible

7

for a sentence reduction and the district court has the authority, in its discretion, to decide whether to grant him one.

For these reasons, we vacate the denial of Jacques's motion requesting a sentence reduction under § 404(b) of the First Step Act and remand for further proceedings consistent with this opinion.

**VACATED and REMANDED.**