**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jhon Jairo GONZALEZ, Defendant–**
**Appellant.**

No. 91–5030.

United States Court of Appeals,
Eleventh Circuit.

Oct. 23, 1992.

---

Vincent J. Flynn, Coconut Grove, Fla., for defendant-appellant.

Robert Ciaffa, Linda Collins Hertz, Alice Ann Burns, Lisa T. Rubio, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON, Circuit Judge, and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge.

Appellant, Jhon Jairo Gonzalez, appeals from his conviction on two counts involving money laundering. Although Gonzalez raised several issues on appeal, the only one which merits discussion is whether the district court abused its discretion in denying Gonzalez's requested jury instruction on Count II pursuant to Fed.R.Evid. 404(b). Although we AFFIRM the conviction on Count I, we hold that the district court's denial of the requested jury instruction was an abuse of discretion and REVERSE the conviction on Count II.

## STATEMENT OF FACTS

On August 8, 1990, Jhon Jairo Gonzalez was indicted for conspiring to conduct a financial transaction involving the proceeds of narcotics trafficking (Count I), in violation of 18 U.S.C. § 371 (1966) and for conducting a financial transaction involving the proceeds of narcotics trafficking on or about July 27, 1990 (Count II), in violation of 18 U.S.C. § 1956(a)(1)(A) and and (a)(2) (1984).

On July 19, 1990, United States Customs agents began surveillance of Mr. Gonzalez. He was observed engaging in suspicious activities including clandestine meetings during the week prior to July 27, 1990. Gonzalez was arrested on July 27 and a subsequent search of the residence where he was staying uncovered substantial evidence of money laundering transactions.

In support of the conspiracy charged in Count I, the Government presented testimony and produced numerous exhibits tending to show that Gonzalez participated in a number of illegal financial transactions. This evidence included over five million dollars in drug proceeds as well as ledger books, bank statements, deposit slips, and wire transfer receipts showing financial transactions occurring over a period of time prior to July 27, 1990, notably between March and June of 1990.

At trial, counsel for Gonzalez requested that the district court instruct the jury that, with respect to Count II, this evidence was not substantive evidence and could be considered only for the limited purpose of showing knowledge or intent. At the close of evidence, Gonzalez's submitted a proposed jury instruction limiting the jury's consideration of the other financial transactions to the issues of knowledge and intent with respect to Count II. The district court denied Gonzalez's requested instructions and did not give the jury any instruction limiting the use of the other financial transactions admitted to prove Count I.

The jury returned a verdict of guilty on both counts. The district court imposed a sentence of 60 months on Count I and 235 months as to Count II. The district court further ordered that Gonzalez pay a fine of $100,000 which the court did not allocate between the two counts. This appeal followed.

## DISCUSSION

■ Gonzalez contends that the district court erred in denying his request for a limiting instruction to the jury. A district court's refusal to include a defendant's proposed jury instruction in the charge is reviewed under an abuse of discretion standard. *United States v. Corona,* 849 F.2d 562, 568 (11th Cir.1988). A trial court abuses its discretion in denying a requested jury instruction when "(1) the instruction is substantively correct; (2) it was not substantially covered in the charge actually delivered to the jury; and (3) the failure to give it seriously impaired the defendant's ability to present an effective defense." *Id.*

Gonzalez argues that pursuant to Fed. R.Evid. 404(b) the district court should have instructed the jury that it should limit its consideration of the other financial transactions, with respect to Count II, as proof only of Gonzalez's knowledge or intent. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of ... intent ... [or] knowledge." Fed.R.Evid. 404(b). Defendant's proposed jury instruction number two stated:

> Count II charges the Defendant with conducting or attempting to conduct a specific financial transaction, to-wit: the transfer, delivery and movement of funds in United States Currency on or about July 27, 1990. The Defendant is not charged with any other financial transaction. During the course of the trial, you have been presented evidence of other financial transactions.
>
> You may not convict the Defendant of Count II based on proof that he may have engaged in other financial transactions. You may, however, consider such evidence as to issues of knowledge and intent.

The proposed jury instruction is a substantively correct statement of the law regarding the use of "similar transactions" evidence.

■ Not only did the district court deny Gonzalez's requested instruction, but it also failed to give an instruction that was substantially similar. A trial court is not bound to use the exact words and phrasing requested by defense counsel in its jury charge, and this Court, in reviewing the charge, need only ascertain whether the charge, when viewed as a whole, fairly and correctly states the issues and the law. *Corona*, supra, at 568. A review of the actual jury charges given by the district court reveals that no charge was given that substantially covered, or even addressed the issue concerning the jury's consideration of the other financial transactions with respect to Count II.

■ In denying Gonzalez's requested instruction, the district court stated that evidence admitted to prove the conspiracy (Count I) could be argued as to either count, and that the evidence was relevant to Gonzalez's intent with respect to Count II. The district court reasoned that a limiting instruction was not appropriate when the "similar transactions" evidence was admissible as direct evidence on a separate count. "Extrinsic evidence of past bad acts is admissible to establish intent, *provided* the judge offers a limiting instruction to the jury to the effect that the evidence may not be used to establish that the defendant acted in conformity with the past behavior." *United States v. Costa*, 947 F.2d 919, 925 (11th Cir.1991) (emphasis added). While the other financial transactions were properly admissible as direct evidence to prove involvement in the conspiracy charged in Count I, they were admissible with respect to Count II *only* to show Gonzalez's guilty knowledge and intent. The prosecutor indicated during the charge conference that he would argue the "similar transactions" evidence to show Gonzalez's guilty knowledge and participation in the laundering of money as charged in Count II. This evidence was properly admissible as to Count II only if a limiting instruction was given to the jury to prevent prejudice to the defendant.

The Government argues that since the "similar transaction" evidence was admissible substantively under Count I, the trial court was thereby relieved of its obligation to give a limiting instruction. The Government apparently reasons that since it did not argue this evidence to the jury as 404(b) evidence, the evidence therefore loses its 404(b) qualities. This argument ignores the fact that each count is separate and distinct and the government has the burden of proving each element of each crime. Clearly, the evidence of other financial transactions constitutes 404(b) evidence as to Count II and the trial court may not disregard the rights of the defendant by declining to give an appropriate limiting instruction.

■ The issue then becomes whether the failure to give the proposed jury instruction seriously impaired Gonzalez's ability to present an effective defense. The evidence presented in proof of the substantive offense charged in Count II (money laundering) consisted mainly of circumstantial evidence. The only direct evidence presented to show that Gonzalez conducted an illegal financial transaction was his possession of over five million dollars of drug proceeds. No "financial transaction" was actually observed by any of the Customs agents. Instead, Customs agents testified that Gonzalez engaged in suspicious activities and held clandestine meetings. The circumstantial nature of the evidence as to Count II increases the likelihood that the jury improperly took into consideration the other financial transactions in finding Gonzalez guilty on Count II. The "similar transactions" evidence certainly raises the issue of Gonzalez's bad character as well as his propensity to commit illegal financial transactions. The absence of a limiting instruction opened the door for the jury to consider this evidence in an improper light. This prejudiced Gonzalez to the effect that it relieved the Government of its burden of persuasion beyond a reasonable doubt of every essential element of the crime. *See Francis v. Franklin*, 471 U.S. 307, 105

S.Ct. 1965, 85 L.Ed.2d 344 (1985). Since the jury was able to consider this evidence without a limiting instruction from the trial court, Gonzalez was seriously impaired from presenting an effective defense to Count II. Therefore, we conclude that the district court abused its discretion by failing to give defendant's proposed jury instruction number two.

Gonzalez has raised a number of other contentions. After a careful examination of the record, we find Gonzalez's remaining contentions are lacking in merit and are not deserving of any discussion. However, our disposition of this case will affect the $100,000 fine imposed by the district court. Under Count I, 18 U.S.C. § 371, the maximum fine allowed is $10,000. It is not clear what portion of the fine was imposed pursuant to § 371, therefore we must leave that determination to the district court.

## CONCLUSION

For all of the foregoing reasons, the conviction of John Jairo Gonzalez on Count I is AFFIRMED, but is REMANDED for resentencing with respect to the fine imposed. The conviction on Count II is REVERSED and the sentence is VACATED.