PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/15/99
THOMAS K. KAHN
CLERK**

No. 97-5502

_____

D. C. Docket No. 95-482-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDILBERTO J. MIRANDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 15, 1999)**

Before COX, Circuit Judge, KRAVITCH, Senior Circuit Judge, and PROPST*,
Senior District Judge.

_____

*Honorable Robert B. Propst, Senior U.S. District Judge for the Northern District of Alabama,
sitting by designation.

PER CURIAM:

Edilberto J. Miranda appeals his conviction and sentence for conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). We affirm in part; reverse in part; and vacate and remand in part.

## I. BACKGROUND

Before his conviction, Miranda worked as a stockbroker with Prudential Bache Securities in Coral Gables, Florida. As such, Miranda provided numerous financial services for Enrique Zamorano, a narcotics trafficker. Miranda provided similar financial services for two other narcotics traffickers, Julio Morejan and Omar Elesgaray; Elesgaray introduced Miranda to Zamorano.

Miranda was charged with one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 1), and twenty-two counts of money laundering for financial transactions completed for Zamorano, in violation of 18 U.S.C. § 1956 and 1957 (Counts 2 through 23). A jury convicted Miranda on Counts 1 and 19, acquitted Miranda on Counts 3 through 16, and was unable to reach a verdict on the remaining counts.[1]

---

[1] A mistrial was declared on Counts 2, 17, 18, and 20 through 23.

At sentencing, the court found that Miranda was responsible for laundering a total of $2,908,254, resulting in a six-level increase in Miranda's base offense level pursuant to U.S.S.G. § 2S1.1(b)(2)(G).

## II. DISCUSSION

Miranda argues that a violation of the Ex Post Facto Clause of the Constitution requires the reversal of his conviction on Count 1 and that spillover prejudice requires a new trial on Count 19. Miranda also contends that his sentence must be vacated because of the improper calculation of the amount of money laundered.[2] We consider these arguments in light of the following standards: the ex post facto question is reviewed for plain error because it was not raised before the district court, *see United States v. Hayes*, 40 F.3d 362, 364 (11th Cir. 1994), and the district court's findings of fact in support of sentencing are reviewed for clear error while the application of those facts to the sentencing guidelines is reviewed de novo. *See United States v. Smith*, 127 F.3d 1388, 1389 (11th Cir. 1997).

---

[2] Miranda also argues that the district court erroneously gave two jury charges and refused to give three of Miranda's requested jury charges, violated Miranda's Confrontation Clause rights by curtailing the cross-examination of witnesses, and gave an *Allen* charge despite extrajudicial pressures on the jury and its revelation of its numerical division. These arguments are without merit and do not warrant further discussion. *See* 11th Cir. R. 36-1.

A. Conspiracy Conviction

Miranda asserts, and we agree, that Count 1 improperly sought to convict him for conduct occurring prior to the enactment of the conspiracy statute. Count 1 charged that Miranda participated in a conspiracy to launder money from in or about November, 1986, to on or about July 31, 1991, in violation of 18 U.S.C. § 1956(h). The statutes prohibiting the substantive offense of money laundering, 18 U.S.C. §§ 1956 and 1957, were enacted in October 1986. *See* Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207 (codified at 18 U.S.C. §§ 1956 and 1957). As the Government concedes, however, the statute prohibiting conspiracies to launder money, § 1956(h), did not take effect until October 1992, more than a year after the conspiracy charged had ended. *See* Act of October 28, 1992, Pub. L. No. 102-550, § 1530, 106 Stat. 4066 (originally codified at 18 U.S.C. § 1956(g); now codified at 18 U.S.C. § 1956(h)). This is a naked ex post facto violation, as "[t]he Ex Post Facto Clause flatly prohibits retroactive application of penal legislation." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266, 114 S. Ct. 1483, 1497 (1994) (italics omitted). The Government concedes that Miranda's conviction and sentence on Count 1 constitutes plain error; we agree and thus reverse Miranda's conviction on Count 1.

B.  Spillover

Miranda challenges his conviction on Count 19 as well because the conspiracy count–with its broad scope–allowed the Government to introduce otherwise inadmissible evidence of Miranda's dealings with the other two drug dealers, Morejan and Elesgaray.  The Government counters that reversal is unnecessary for two reasons. We find both persuasive.

First, the jury verdict establishes that the jury was able to properly compartmentalize and analyze the evidence.  The jury convicted Miranda on the conspiracy count and on only one of twenty-two substantive counts, demonstrating an ability to separate out the relevant evidence for each count.  *See United States v. Cassano*, 132 F.3d 646, 651-52 (11th Cir.) (concluding that the jury made individualized determinations as to each defendant in a conspiracy case by its verdict acquitting one defendant on all counts, another on all but two counts, and every other defendant on all but one count), *cert. denied*, — U.S. — , 119 S. Ct. 103 (1998); *cf. United States v. Pedrick*, 181 F.3d 1264, 1273 (11th Cir. 1999) (finding that the jury did not adequately sift the evidence and make an individualized determination as to one defendant because the jury deliberated for only about three hours and returned guilty verdicts on all 90 counts against one defendant and all 125 against the other

defendant). Miranda's jury carefully sifted the evidence, and the verdict demonstrated its ability to accurately compartmentalize the evidence to the appropriate charges.

The Government's second persuasive argument is that the same evidence would have been admitted at trial even without the conspiracy charge since the other counts all alleged substantive violations of the money-laundering statute. Federal Rule of Evidence 404(b) permits the admission of prior-bad-acts evidence to show motive, preparation, knowledge, and intent, as well as an ongoing scheme or plan. *See United States v. Lehder-Rivas,* 955 F.2d 1510, 1515-16 (11th Cir. 1992) (noting that evidence of criminal activity other than the charged offense is admissible for purposes of Rule 404(b) if it pertains to the chain of events explaining the context, motive and set-up of the crime and is linked in time and circumstances with the charged crime); *United States v. Cross*, 928 F.2d 1030, 1047 (11th Cir. 1991) (affirming the admission of evidence of events which occurred prior to the date that the charged conspiracy commenced pursuant to FED. R. EVID. 404(b) as relevant evidence of intent). In short, the evidence that Miranda had laundered money for drug dealers other than Zamorano was relevant to show that he knew what he was doing for Zamorano.

Miranda counters, however, that Rule 404(b) admission generally requires a limiting instruction, and that the district court's failure to give an instruction limiting the use of this evidence to its proper scope under Rule 404(b) permitted prejudicial

6

consideration of this evidence for improper purposes. *See United States v. Gonzalez,* 975 F.2d 1514, 1517-18 (11th Cir. 1992). We cannot agree. The failure to give a limiting instruction is error only when such an instruction is requested.[3] *See Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527, 1534 (11th Cir. 1990) (quoting FED. R. EVID. 105 and explaining that under this rule, the court has a duty to give a limiting instruction only upon request), *superseded in non-relevant part by statute as stated in Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405 (11th Cir. 1998).[4]

Miranda cites one case that he believes undermines our conclusion that he cannot demonstrate prejudicial spillover. We disagree. That case is *United States v. Adkinson*, 135 F.3d 1363 (11th Cir. 1998). We find *Adkinson* distinguishable procedurally because the defendants moved to dismiss the defective conspiracy count before trial, and the government refused to concede dismissal until it put on four

---

[3]     Miranda also argues that he did not have the opportunity to request a limiting instruction because the evidence was admitted as direct evidence of the conspiracy. This argument fails, however, as Miranda could have requested an instruction limiting the use of the other-bad-acts evidence as applied to the substantive counts. *Cf. Gonzalez,* 975 F.2d at 1517-18 (reversing where evidence was admitted in support of a conspiracy count and the district court failed to give an instruction limiting the use of the other-bad-acts evidence as applied to the substantive counts, despite the defendant's request).

[4]     Since the court had no duty to give a limiting instruction in the absence of a request, we may reverse only if we conclude that the court's failure to give the instruction constituted plain error. *See Sherman*, 891 F.2d at 1534. While Miranda has not argued that the district court's failure to give a limiting instruction constituted plain error, we conclude, in light of the facts of this case, that no error which seriously affected the fairness, integrity, or public reputation of judicial proceedings occurred. *See Jones v. United States*, — U.S. —, —, 119 S. Ct. 2090, 2102 (1999) (defining plain error).

7

months of evidence and concluded the presentation of its case. *See id.* at 1370, 1372-73. In the present case, the defect in the conspiracy count was not brought to the court's attention prior to this appeal. Furthermore, Miranda has not shown that any evidence admitted against him pursuant to the conspiracy count would not have been admissible pursuant to FED. R. EVID. 404(b). *Cf. id.* at 1372 (noting that pursuant to the conspiracy charge, the district court allowed the introduction of "an enormous amount of evidence under rules applicable only to conspiracies.")

We reject the argument that prejudicial spillover occurred. Evidence of Miranda's financial activities on behalf of other narcotics traffickers would have been admissible at trial pursuant to FED. R. EVID. 404(b), and Miranda's jury verdict reflected careful sifting of the evidence in support of each count. Miranda's conviction on Count 19, therefore, is due to be affirmed.

## C. Sentencing

Because the conspiracy conviction has been reversed, Miranda's sentence will be vacated. Miranda's further attacks his sentence on the ground that some $1.2 million of the $2.9 million figure the district court used to calculate Miranda's sentence involved transactions that predated the enactment of 18 U.S.C. §§ 1956 and 1957, the statutes which prohibit money laundering. In other words, according to Miranda, $1.2 million of the amount included by the district court at sentencing as part

8

of the funds laundered, pursuant to U.S.S.G. § 2S1.1(b)(2), was not money laundered in violation of the money-laundering statute. We agree.

Section 2S1.1 provides for a "specific offense characteristic" increase in the base offense level, depending on the value of the funds laundered in violation of 18 U.S.C. § 1956. We have said that the term "funds," as used in U.S.S.G. § 2S1.1, "'obviously refer[s] to funds that are used by the defendant in an unlawful monetary transaction.'" *United States v. Barrios*, 993 F.2d 1522, 1524 (11th Cir. 1993) (quoting *United States v. Johnson*, 971 F.2d 562, 575 (10th Cir. 1992)).

The Government counters with two arguments. First, the Government argues that Miranda was sentenced only for the crimes for which he was convicted, and that the Sentencing Guidelines mandate the inclusion of all amounts of money laundered as relevant conduct in determining the sentence for the crimes of conviction. This argument, however, begs the question of how money could have been laundered prior to the enactment of the statutes which prohibit money laundering.

The Government's second argument is that Miranda's financial transactions were not innocent because other statutes, such as those prohibiting the interstate transport of drug proceeds and the aiding and abetting of the distribution of controlled substances, made those transactions illegal. Even assuming, however, that Miranda could have been charged (or even convicted) pursuant to other statutes, we find this

9

argument unpersuasive. Miranda was not charged with criminal conduct in violation of any other statute, and there is no finding here that Miranda's conduct violated any other statute. Furthermore, under § 2S1.1, a defendant's culpability is determined by the amount of money laundered in violation of the money-laundering statute, not by the amount of dirty money associated with the defendant.

Because the applicable sentencing guideline requires an increase of the base offense level based on the value of the funds laundered, not based on any other relevant conduct, we conclude that the sentencing court erred by including the value of funds that involved financial transactions that occurred prior to the enactment of the statute that made money laundering unlawful. Thus the district court must recalculate the amount of funds laundered.

### III. CONCLUSION

We reverse the conviction on Count 1 and affirm the conviction on Count 19. We vacate Miranda's sentence and remand for resentencing.

AFFIRMED IN PART; REVERSED IN PART; VACATED AND REMANDED IN PART.