[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14424
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 1, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-00021-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER AYALA,
a.k.a. Javier Diaz,
a.k.a. Javier Ayala Diaz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 1, 2009)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

Two men, wearing jackets and masks to disguise their identities, robbed a Pensacola, Florida cash advance store. One waived a silver revolver during the robbery. The men drove away from the store in a white van and were pursued by the police. After driving down a one-way street, they abandoned the van, attempted to set it on fire, and fled on foot. An officer with the Pensacola Police Department's K-9 unit, assisted by his dog, tracked the men to a residence. Shortly thereafter, officers stopped a vehicle on its way to that residence, and upon searching the vehicle, recovered a small silver revolver, a black jacket, and a skull cap. The officers handcuffed and arrested Javier Ayala, a passenger in the vehicle, and placed him in the back seat of a police cruiser for transport to a jail. En route to the jail, Ayala freed his right hand from the handcuffs and broke open a plexiglass divider separating the front and rear compartments of the cruiser by striking it with his fists and feet, fracturing his ankle in the process. The transporting officer later testified that Ayala was trying to gain access to the driver's area, and the officer used his weapon and emergency driving procedures to keep Ayala in the car.

Ayala was indicted, tried, and convicted of the following charges: (1) interference with commerce by robbery; (2) possession of a firearm in furtherance of a violent crime; (3) arson of a vehicle; and (4) possession of a firearm by a convicted felon. Ayala appeals these convictions, arguing the district court erred when it

2

instructed the jury it could consider evidence he attempted to escape police custody as probative of his consciousness of guilt. He also argues the district court erred when it refused a requested instruction to instruct the jury that the Government was required to prove his identity as the perpetrator of the charged offenses beyond a reasonable doubt.

## I.

This court accepts "a defendant's flight, escape, resistance to arrest, concealment, assumption of a false name, and related conduct as admissible evidence of 'consciousness of guilt, and thus of guilt itself.'" *United States v. Wright*, 392 F.3d 1269, 1277-78 (11th Cir. 2004) (*quoting United States v. Borders*, 693 F.2d 1318, 1324-25 (11th Cir. 1982) (emphasis omitted). The probative value of this evidence

> depends upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

*Id*. at 1278 (*quoting United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir. 1977)). To consider flight evidence, "the government must make certain that each link in the chain of inferences that concludes with a consciousness of guilt of the crime charged is sturdily supported." *Id*.

3

The district court did not err in finding there was sufficient evidence supporting each of the inferences for the jury to consider Ayala's conduct in the cruiser as probative of consciousness of guilt. Thus, the court did not abuse its discretion when it instructed the jury it could consider Ayala's conduct after his arrest, in light of all the other evidence in the case, in determining his guilt or innocence.

## II.

This court will find a refusal to give a requested jury instruction a reversible error "only if '(1) the requested instruction correctly stated the law; (2) the actual charge to the jury did not substantially cover the proposed instruction; and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense.'" *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir.), *cert. denied*, 129 S. Ct. 215 (2008) (*quoting United States v. Fulford*, 267 F.3d 1241, 1245 (11th Cir. 2001). In deciding whether a defendant's requested jury instruction was substantially covered in the actual charge given to the jury, we "need only ascertain whether the charge, when viewed as a whole, fairly and correctly states the issues and the law." *United States v. Gonzalez*, 975 F.2d 1514, 1517 (11th Cir. 1995).

Ayala requested that the district court give the Eleventh Circuit pattern jury instruction on identification testimony.[1] The district court refused; nevertheless, it instructed the jury repeatedly that the Government was required to prove beyond a reasonable doubt that Ayala personally committed the charged offenses.[2] The

---

[1]The pattern jury instruction on identification testimony reads as follows:

In any criminal case the Government must prove, of course, the identity of the Defendant as the person who committed the alleged crime.

When a witness points out and identifies a Defendant as the person who committed a crime, you must first decide, as with any other witness, whether that witness is telling the truth. Then, if you believe the witness was truthful, you must still decide how accurate the identification was. Again, I suggest that you ask yourself a number of questions: Did the witness have an adequate opportunity at the time of the crime to observe the person in question? What length of time did the witness have to observe the person? What were the prevailing conditions at the time in terms of visibility or distance and the like? Had the witness known or observed the person at earlier times?

You may also consider the circumstances surrounding the later identification itself including, for example, the manner in which the Defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the witness'[s] identification of the Defendant.

After examining all of the testimony and evidence in the case, if you have a reasonable doubt as to the identity of the Defendant as the perpetrator of the offense charged, you must find the Defendant not guilty.

11th Cir. Pattern Jury Instructions (Criminal), Special Instructions § 3 (2003). When the court decided the instruction was not relevant to the evidence, Ayala objected and requested that the first and last paragraph be given. The court also denied this request.

[2]The issue of identity is implicit in several of the jury instructions. For example, the court instructed the jury to consider whether Ayala "knowingly obtained or took the personal property of another," whether he "knowingly carried or possessed a firearm," and whether he "destroyed the vehicle as described in the indictment . . . ." (R.8-114 at 222-25.) These instructions adequately cover the question of the identity of the perpetrator of the crimes.

5

instructions, when viewed as a whole, fairly and correctly state the issues and the law concerning identity. Therefore, the district court did not abuse its discretion by refusing Ayala's proposed instruction.

For the foregoing reasons, we affirm Ayala's convictions.

AFFIRMED.