[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16373
Non-Argument Calendar

_____

D.C. Docket No. 09-00286-CR-T-24EAJ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2010
JOHN LEY
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VITALI MAKARENKOV,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 26, 2010)

Before EDMONDSON, MARTIN, and COX, Circuit Judges.

PER CURIAM:

Vitali Makarenkov and Stanislaw Satarinov were jointly charged in a two-count indictment. Count One charged conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and

841(b)(1)(A). Count Two charged possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

Makarenkov was tried alone. The jury found him guilty on Count One, but of the lesser-included offense of conspiracy to possess with the intent to distribute 500 grams or more of cocaine. He was found guilty as charged on Count Two. He was sentenced to seventy-two months on each count, with the sentences to run concurrently, and a forty-eight month term of supervised release on each count, to run concurrently. He appeals.

On appeal, Makarenkov argues that the district court erred in admitting recorded conversations between Satarinov, a co-conspirator, and a confidential informant because admission of their statements violated the Sixth Amendment's Confrontation Clause and the statements were not admissible under Fed. R. Evid. 801(d)(2)(E). He also argues—and the Government concedes—that the district court's written judgment in his case contained a fundamental clerical error in that it reflected that on Count One he was convicted under 21 U.S.C. § 841(b)(1)(A) when he was convicted of a lesser-included § 841(b)(1)(B) violation. We affirm, but vacate and remand for the district court to correct the clerical error in the judgment.

## I.

We review questions of constitutional law de novo. *United States v. Underwood*, 446 F.3d 1340, 1345 (11th Cir. 2006) (citation omitted). We review a district court's ruling on the admissibility of evidence for abuse of discretion. *Id.* (citation omitted).

Makarenkov argues that the district court erred in admitting out-of-court statements made by a co-conspirator and a confidential informant in violation of his rights under the Sixth Amendment. Under the Confrontation Clause, a criminal defendant "shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. In *Crawford v. Washington*, 541 U.S. 36, 50-51, 124 S. Ct. 1354, 1364, (2004), the Supreme Court held that the Confrontation Clause applied with equal force to in-court testimony and "testimonial" out-of-court statements. However, in *Underwood* we said that testimonial statements are "statements made under circumstances which would lead the declarant to believe that the statement would be available for use at a later trial." 446 F.3d at 1347 (citation omitted). And, we upheld the introduction of a co-conspirator's statements to a confidential informant, reasoning that the co-conspirator's statements never would have been made if he had realized that the informant worked for law enforcement. *Id.*

As in *Underwood*, the statements made by Satarinov to the confidential informant were not testimonial because the statements were not made under circumstances in which he would expect his statements to be used in court–he believed he was speaking to a trusted accomplice in crime. Therefore, the admission of Satarinov's statements did not violate Makarenkov's rights under the Confrontation Clause.

Makarenkov argues in the alternative that "even if the admission of the alleged co-conspirator's statements did not violate *Crawford*, the statements were improperly considered co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E), as the [G]overnment failed to establish that a conspiracy involving Mr. Makarenkov existed at the time the statements were made." (Appellant Br. at 18.) Under Makarankov's reasoning, "prior to a party's entrance into a conspiracy, statements made by a subsequent co-conspirator do not fall within [the 801(d)(2)(E)] exception to the hearsay rule." (*Id.* at 26-27.) But it is settled law in this circuit that "a 'declaration of one co-conspirator is admissible against members of the conspiracy who joined after the statement was made.'" *United States v. Lampley*, 68 F.3d 1296, 1301 (11th Cir. 1995) (quoting *United States v. Tombrello*, 666 F.2d 485, 491 (11th Cir. 1982)). Consequently, Makarenkov's argument is meritless.

4

Makarenkov also argues that the informant's statements were inadmissible hearsay because they were offered to prove the truth of the matter asserted. The informant's statements, however, were not offered for their truth, but only to place the investigation and Satarinov's statements in context. Therefore, they were not hearsay, and were admissible. *United States v. Price*, 792 F.2d 994, 997 (11th Cir. 1986) (holding that an informant's half of a taped conversation was not hearsay because "[t]he single purpose for admitting the [the informant's] statements was to make understandable to the jury the statements made by [the defendant] himself," and not to prove that the informant's statements were true). Accordingly, we hold that the district court did not abuse its discretion in admitting these recorded conversations. Makarenkov argues further that the district court failed to provide a limiting instruction as to the informant's statements; one telling the jury that the informant's statements were not admitted to prove that what he said was truthful. But, Makarenkov failed to request the limiting instruction at trial and "the failure of the court to provide one, *sua sponte*, [is] not plain error." *United States v. Cross*, 928 F.2d 1030, 1051 n.69 (11th Cir. 1991) (citations omitted). "The failure to give a limiting instruction is error only when such an instruction is requested." *United States v. Miranda*, 197 F.3d 1357, 1360 (11th Cir. 1999) (citation omitted).

## II.

When faced with a clerical error in the written judgment, we may remand with instructions to correct that error. *United States v. Diaz*, 190 F.3d 1247, 1252 (11th Cir. 1999) (remanding because the judgment reflected the wrong offense). "It is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried or found guilty of the crime recited in the judgment." *Id.*

Both parties agree, and we have confirmed, that the written judgment reflected that Makarenkov's Count One conviction was punishable under 21 U.S.C. § 841(b)(1)(A), when he actually was convicted of a lesser-included offense punishable under § 841(b)(1)(B). Accordingly, we vacate that part of the judgment which describes the title and section of which he was convicted and remand with instructions to correct the clerical error in the judgment.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.