[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11908
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cr-00037-LC-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRENTON A. COPELAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 9, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Trenton A. Copeland appeals his conviction and life sentence for conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine. Copeland argues on appeal that the court should have given his requested instructions with regards to Fed.R.Evid. 404(b) evidence and multiple conspiracies, and thus his theory of defense. After thorough review, we affirm.

We typically review a district court's refusal to give a requested jury instruction for abuse of discretion. United States v. Palma, 511 F.3d 1311, 1314-15 (11th Cir. 2008). A district court's decision will not be disturbed on abuse of discretion review if its decision falls within a range of possible conclusions that do not constitute a clear error of judgment. United States v. Lopez, 649 F.3d 1222, 1236 (11th Cir. 2011). The issue of whether a jury instruction correctly stated the law or misled the jury is reviewed de novo. United States v. Daniels, 685 F.3d 1237, 1244 (11th Cir. 2012), petition for cert. filed, (U.S. Sep. 28, 2012) (No. 12-6556). However, where a defendant fails to object to a jury instruction, we review for plain error. United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000). We have held that the presentation of a request for an instruction, and the court's specific denial thereof, is sufficient to preserve the issue for appeal. United States v. Morris, 20 F.3d 1111, 1114 n.3 (11th Cir. 1994).

First, we are unpersuaded by Copeland's claim that the district court abused its discretion in refusing to give his requested instruction concerning Fed.R.Evid.

404(b) evidence. A refusal to give a requested jury instruction warrants reversal only if: (1) the requested instruction was substantively correct; (2) the instruction was not covered elsewhere in the charge; and (3) the failure to give the instruction substantially impaired the defendant's ability to effectively present a defense. Palma, 511 F.3d at 1315. A trial court is given broad discretion in formulating its charge to the jury, but a defendant is entitled to have instructions given relating to a theory of defense where there is any foundation in the evidence to support them. Whether there was sufficient evidence to warrant a particular instruction is reviewed in the light most favorable to the accused. Id.

We have held that it is not error to give the pattern instruction on Rule 404(b) evidence. See United States v. Dominguez, 661 F.3d 1051, 1072-73 (11th Cir. 2011), cert. denied, 132 S.Ct. 2711 (2012). Where the government offers "similar transaction" evidence in regard to a specific, substantive count of indictment, it can be error for the court to deny the defendant's request for a limiting instruction. United States v. Gonzalez, 975 F.2d 1514, 1517-18 (11th Cir. 1992). That error may impair the defendant's ability to present a defense, and constitute reversible abuse of discretion, where all of the other evidence of the substantive count was circumstantial, and no other part of the charge covered or addressed the issue. Id.

3

Neither arrest nor incarceration automatically triggers withdrawal from a conspiracy. United States v. Gonzalez, 940 F.2d 1413, 1427 (11th Cir. 1991). Withdrawal is an affirmative defense that a defendant must prove by his own affirmative steps to disavow or defeat the conspiratorial objectives. Id.

Here, Copeland's suggested instruction -- this Circuit's pattern instruction on Rule 404(b) evidence -- was generally a substantively correct statement of the law. However, it is not clear from the record, nor did the district court ever rule, that the evidence that Copeland complains of was, in fact, extrinsic to the conspiracy as charged in the indictment. Therefore, it is not clear that, as applied to the facts of his case, Copeland presented the court with an instruction containing a correct statement of the law.

In any event, the court did not abuse its discretion in not giving the instruction under the next two parts of the test found in Palma. See Palma, 511 F.3d at 1315.[1] Copeland's argument for why the charge was necessary was that it would avoid the risk that the jury would conflate Copeland's actions separate from the charged conspiracy with his actions that actually furthered the charged conspiracy. That risk was substantially covered by the court's instruction that

---

[1] In this instance, we review the court's alleged error in failing to give a Rule 404(b) limiting instruction for abuse of discretion. Copeland requested that the court give the instruction, and, even though the court never explicitly said that it would not give the instruction, its subsequent failure to do so constituted an implicit ruling, sufficient to preserve the issue for appellate review. See Morris, 20 F.3d at 1114 n.3.

4

Copeland could only be found guilty if the government proved that he "joined the conspiracy charged in this indictment, rather than some other conspiracy that may have been mentioned during the trial."  While the charge would have explained the appropriate but limited use of this evidence, defense counsel was content to wait until the end of the trial for any explanation at all.

The failure to give Copeland's additional instruction also did not impair Copeland from presenting his defense that: (1) all of the evidence linking Copeland to the charged conspiracy came from cooperating witnesses who had a reason to lie; and (2) all of the other direct evidence linking Copeland to drugs was outside the scope of the indictment.  It was a jury question whether the two seizures showed continuing conduct that was part of the conspiracy as charged in the indictment, and the court's instructions did not impair Copeland's ability to adequately defend himself on that point to the jury.  Therefore, the court did not abuse its discretion.

Nor do we agree with Copeland's argument that the district court abused its discretion in refusing to give an instruction concerning multiple conspiracies.  For starters, where the defendant expressly agrees with the court's given instruction, any claimed error is waived and we will not review it.  Daniels, 685 F.3d at 1244. Further, the district court generally should instruct the jury on a theory of defense where there is some basis in the evidence and legal support for the instruction.

United States v. Zlatogur, 271 F.3d 1025, 1030 (11th Cir. 2001).  In determining if there is a proper evidentiary foundation, we view the evidence in the light most favorable to the defendant.  United States v. Williams, 728 F.2d 1402, 1404 (11th Cir. 1984).  A specific theory of defense charge is not warranted where the charge adequately covers the substance of the requested instruction.  See United States v. Jones, 933 F.2d 1541, 1544 (11th Cir. 1991).

As the record shows, Copeland initially requested two separate full instructions on multiple conspiracies and his theory of defense.  However, in discussing the jury charge with the court, Copeland stated that the court only needed to give one charge or the other, but not both.  After the court suggested that it would give a modified, one sentence instruction, Copeland argued that the court's instruction would be sufficient if it added that: "The government must show an interdependence among the alleged co-conspirators in order to prove that the indicted conspiracy was a single, unified conspiracy as opposed to a series of small or uncoordinated conspiracies . . . ."  Therefore, Copeland assented to the court's given instruction with the exception of its omission of the sentence involving a "single, unified conspiracy."  As a result, Copeland has waived any argument concerning the rest of his initially requested instruction, and we review only the court's failure to give the "single, unified conspiracy" instruction.  See Daniels, 685 F.3d at 1244.

6

The court's instruction that the jury must convict Copeland only if the charged conspiracy was proven adequately covered Copeland's requested instruction.    Copeland's requested charge that the government must prove a "single, unified conspiracy as opposed to a series of small or uncoordinated conspiracies" is arguably redundant to the court's instruction that the court must find that Copeland "joined the conspiracy charged in this indictment."  While the court could have given that instruction, it was not an abuse of discretion to not give an instruction that was substantially covered elsewhere.  See Palma, 511 F.3d at 1315.  That rationale applies with equal force to a requested theory of defense charge.  See Jones, 933 F.2d at 1544.  Based on the given instructions, Copeland's argument that the jury could have convicted based on evidence of a separate conspiracy is unpersuasive.  Accordingly, we affirm Copeland's conviction.

**AFFIRMED.**