[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15019

_____

D.C. Docket No. 7:14-cr-00126-LSC-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MYRON JAVONE TUBBS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 8, 2016)

Before ROSENBAUM and JULIE CARNES, Circuit Judges, and GOLDBERG,[*]
Judge.

JULIE CARNES, Circuit Judge:

---

[*] Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

On April 30, 2014, a grand jury indicted Defendant Myron Tubbs on a single count of knowingly making a false statement to a federally licensed firearms dealer in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6).  Specifically, the Government alleged that Defendant falsely represented that he was the "actual buyer" of a rifle.  A jury convicted Defendant after a two-day trial, and he was sentenced to 16 months' imprisonment. Defendant appeals his conviction based on sufficiency of the evidence and further argues that the district court erred by failing to instruct the jury that if it found Defendant had purchased the firearm with the intent to give it away as a gift, he was the actual buyer and was entitled to acquittal.  After careful review, and with the benefit of oral argument, we affirm.

## I.    Background[1]

Federally licensed firearms dealers are required to verify the identity of anyone purchasing a gun and to conduct a background check of the buyer.  *See Abramski v. United States*, 134 S. Ct. 2259, 2263 (2014).  These measures help keep guns out of the hands of criminals and other prohibited persons, and dealers moreover are required to keep certain records about gun sales to assist federal law enforcement officials in criminal investigations.  *Id.*

---

[1]  The following facts are taken from the evidence, viewed in the light most favorable to the Government, with all reasonable inferences resolved in favor of the jury's verdict.  *United States v. Doe*, 661 F.3d 550, 560 (11th Cir. 2011).

2

To that end, when purchasing a firearm from a federally licensed dealer, the buyer is required to fill out the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473, which requests the buyer's name, date of birth, address, and other identifying information. One of the questions the form poses, Question 11.a., is:

> Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you.**

The dealer asks this question to ensure that the buyer of the gun is not a straw purchaser and that the identifying information and background check are of the right person. *See United States v. Frazier*, 605 F.3d 1271, 1280–81 (11th Cir. 2010). A straw purchase occurs when a "straw man" accepts payment from the actual buyer, uses that money to purchase a firearm in the straw's name, and then transfers the firearm to the actual buyer.[2] *United States v. Ortiz*, 318 F.3d 1030, 1037 (11th Cir. 2003). In that scenario, the actual buyer avoids the background check or having his name appear on Form 4473. Importantly, it does not matter if

---

[2] Form 4473 provides the following example of a straw purchase:

> Mr. Smith asks Mr. Jones to purchase a firearm for Mr. Smith. Mr. Smith gives Mr. Jones the money for the firearm. Mr. Jones is **NOT THE ACTUAL TRANSFEREE/BUYER** of the firearm and must answer **"NO"** to question 11.a. The licensee may not transfer the firearm to Mr. Jones.

However, a straw purchase also occurs when the straw man makes the purchase up front and then turns around and delivers the gun to the actual buyer for payment. *Ortiz*, 318 F.3d at 1037–38.

3

the actual buyer is an eligible purchaser and could lawfully purchase the firearm himself, because the identity of the purchaser is always material to the lawfulness of the sale. *Abramski*, 134 S. Ct. at 2273–74; *Frazier*, 605 F.3d at 1280–81. For that reason, it is a violation of § 922(a)(6) to falsely identify the actual buyer on Form 4473. *Abramski*, 134 S. Ct. at 2273–74.

On December 15, 2010, Defendant purchased a Remington 770 rifle from Academy Sports and Outdoors, a federally licensed firearms dealer in Tuscaloosa County, Alabama. In response to the question of whether Defendant was the actual buyer, Defendant answered, "Yes." In April 2013, law enforcement officers executing a search warrant recovered the rifle from the home of Al Green, the father of Defendant's girlfriend, Selena Ford Lapsley. The ATF agent on the scene said that Green had told him that the rifle belonged to Lapsley and that he was a convicted felon. The ATF agent thus investigated the origin of the gun, and he discovered that Defendant had identified himself on Form 4473 as the actual buyer of the firearm that officers ultimately found in Green's possession. Later the agent confirmed through investigation that Green was mistaken in his belief that he was a convicted felon. Green had been arrested on a felony charge, but had actually pled guilty to only a misdemeanor. In any case, the Government believed that Defendant was a straw purchaser for either his girlfriend, Lapsley, or Lapsley's father, Al Green.

4

At trial, the Government called Brenda Tubbs, Defendant's mother, as a witness. The Government played a recording of a phone call between Defendant and his mother while Defendant was in jail on these charges. In that recording, Ms. Tubbs said that Lapsley had told her that Defendant did not buy the gun for himself but only had to show his I.D. because Lapsley "couldn't think of anybody to get [the rifle] in their name [in] their family because everybody all got criminal charges."[3] Defendant laughed but did not deny that this was the case. He also confirmed that he did not buy the rifle for himself.

The Government next turned to Ms. Tubbs's prior testimony that she gave under oath in a separate but related case. Defendant objected to the introduction of the testimony, and the court sustained the objection, telling the Government that it could use the prior testimony for impeachment but not as substantive evidence. Defendant did not request a limiting instruction, and thus the court did not give such an instruction to the jury. According to the transcript from that hearing, Ms. Tubbs testified that she knew Lapsley had paid for the rifle. The Government later used the above evidence to argue that Defendant was a straw purchaser because (1) Defendant did not buy the gun for himself; (2) Lapsley got Defendant to use his I.D. to buy the rifle; and (3) Lapsley provided the money to pay for the gun.

---

[3]  Defendant did not object to this testimony on hearsay or any other grounds.

Defendant tried to counter the straw-purchase narrative by suggesting that he had bought the rifle as a gift for Green. Testifying on behalf of the defense, Al Green said that he had received the rifle as a Christmas gift, but he could not remember whether Lapsley or Defendant had given it to him. According to the instructions accompanying Form 4473, an "actual buyer" includes someone "legitimately purchasing the firearm as a gift for a third party." But while a purchaser may identify himself as the actual buyer if he uses his own money to buy the firearm as a gift for someone else, the purchaser "may not transfer a firearm to any person you know or have reasonable cause to believe is" a prohibited person. The Government thus argued that, even if the gun had been a gift for Green, Defendant did not "*legitimately* purchas[e] the firearm as a gift" because Defendant had "reasonable cause to believe" that Green was a prohibited person in light of Green's own mistaken belief that he was a felon.

At the close of the Government's case, and again at the close of all the evidence, Defendant moved for judgment of acquittal based on sufficiency of the evidence. Defendant argued that the Government had failed to prove that the gun was not a gift. The court found that there was "ample evidence for it to go to the jury" and denied the motions.

Before the parties delivered their closing arguments, Defendant requested the following jury instruction:

In this case, the Government alleges that [] Mr. Tubbs made a false statement by checking "yes" next to a box asking if he was the "actual buyer" of the firearm at issue. Under federal law, a person buying a firearm with the intent to give it away as a gift is still considered to be the "actual buyer." Therefore, if the evidence shows that Mr. Tubbs purchased the firearm with the intent to give it away as a gift, then you must return a verdict of "not guilty."

The court denied the request, stating:

My problem with it is you can intend to give something away but if you know you can't give it away because it's illegal to give it to the person you are going to give it to, does that make it an illegitimate gift? That's the problem. So can Mr. Tubbs make a legitimate purchase with intent to give it away if the person he intends to give it to cannot receive it?

The court proposed an alternative instruction whereby it would state Defendant's theory of defense to the jury, as follows: that Defendant "was purchasing the firearm to make a legitimate gift of the same and[] thus did not make a misrepresentation." One of Defendant's lawyers said, "That would be acceptable to us, judge." The final language read: "It is the position of the Defendant that he purchased the firearm in order to make a legitimate gift of the same to Mr. Green and so he did not make a false statement." When asked if that satisfied the defense, the other defense lawyer said that the instruction did not go far enough because he believed that the jury should be instructed that if they came to that conclusion, Defendant did not violate the statute. The court explained that it would also instruct that one of the elements the jury had to find in order to

7

convict was that Defendant had made a false or fictitious statement in writing. The court conveyed the same meaning as the requested instruction, and then asked if the lawyers needed to add anything else. One of Defendant's attorneys replied, "Not to that, judge."

The parties proceeded to closing arguments. The Government summed up its two theories that Defendant either was a straw purchaser for Lapsley or bought an illegitimate gift for Green. Either way, the Government argued, Defendant lied on Form 4473. For his part, Defendant argued that he had purchased the gun as a gift and thus did not misrepresent that he was the actual buyer. Defendant further asserted that he could not have had reasonable cause to believe Green was a convicted felon because Green, after all, was not one.

The jury returned a guilty verdict, and the court later sentenced Defendant to 16 months in prison. Defendant appeals his conviction, arguing that the evidence was not sufficient to convict him, and that the jury should have been instructed to acquit him if it concluded that he had purchased the firearm with the intent to give it away as a gift (regardless of whether he believed he was giving it to a felon).

## II.    Discussion

### A.    Sufficiency of the Evidence

We review challenges to the sufficiency of evidence *de novo*. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011). We review the evidence in the

8

light most favorable to the Government and resolve all reasonable inferences in favor of the jury's verdict. *United States v. Doe*, 661 F.3d 550, 560 (11th Cir. 2011). "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of evidence." *United States v. Byrd*, 403 F.3d 1278, 1288 (11th Cir. 2005).

Under 18 U.S.C. § 922(a)(6), it is unlawful

for any person in connection with the acquisition . . . of any firearm . . . from [a licensed dealer] knowingly to make any false or fictitious oral or written statement . . . , intended or likely to deceive such [dealer] with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

Thus, to establish a violation of § 922(a)(6), the Government must prove beyond a reasonable doubt that: (1) the defendant knowingly made; (2) a false or fictitious written statement in connection with the purchase of a firearm; (3) intended to deceive or likely to deceive a licensed firearms dealer; (4) and the false statement was a fact material to the lawfulness of the sale or disposition of the firearm. *United States v. Ortiz*, 318 F.3d 1030, 1036 (11th Cir. 2003). A defendant violates this provision if he misrepresents the identity of the actual buyer because that fact is material to the lawfulness of the firearm sale. *Id.* at 1036–37; *United States v. Gonzalez*, 71 F.3d 819, 833 (11th Cir. 1996). Defendant contests

only the first and second elements.  In other words, Defendant argues that the evidence was insufficient to show that he knowingly made a false statement.

While we acknowledge that the evidence of Defendant's guilt is not overwhelming, the circumstantial evidence is sufficient such that, when viewed in the Government's favor, a reasonable jury could have found that Defendant falsely stated on Form 4473 that he was the actual buyer of the rifle.  The parties argue at length over whether Defendant legitimately bought the gun as a gift for Green.  Setting that issue aside, the Government nevertheless put forth sufficient evidence that Defendant was a straw purchaser for his girlfriend Lapsley.

The most damaging evidence for Defendant was the jail phone call.  From that call, the jury learned that Lapsley got Defendant to use his I.D. to purchase the gun because nobody in her family was eligible.[4]  And Defendant even said in the call that he did not buy the gun for himself.  This evidence alone suggests that Defendant was purchasing the gun on someone else's behalf.  What is more, Ms. Tubbs's prior testimony was that Lapsley had furnished the money for the rifle.  A jury could infer from these facts that Defendant made a material misrepresentation

---

[4]  We note that the jury was not required to find that Defendant bought the firearm for an ineligible person in order to find that he was a straw purchaser.  *See Abramski*, 134 S. Ct. at 2273–74 (because the identity of the purchaser is always material to the lawfulness of the transaction, falsely identifying the actual buyer is still a violation of § 922(a)(6) even if the actual buyer could have bought the gun for himself).  Therefore, even if the jury did not have evidence that Lapsley or anyone else in the family was a felon, it still could have found that Defendant was a straw purchaser if it concluded that he bought the rifle on behalf of another.

on Form 4473 when he said he was the actual buyer, when in fact he acted as a straw man by using his own I.D. to buy the gun while paying with Lapsley's money.

In addition to arguing that the above evidence is insufficient, at oral argument Defendant opposed relying on the jail call to support Defendant's conviction because those statements are hearsay and raise Confrontation Clause concerns. A review of the record reveals that Defendant never objected to the relevant evidence from the jail call. Defendant did not raise any hearsay or Confrontation Clause arguments on appeal, either, so those issues are waived. *See United States v. Levy*, 379 F.3d 1241, 1242–43 (11th Cir. 2004). In his brief, Defendant did assert that Ms. Tubbs's prior inconsistent testimony was admitted only for impeachment purposes, not as substantive evidence. But Defendant did not request a limiting instruction in that regard. "The failure to give a limiting instruction is error only when such an instruction is requested." *United States v. Miranda*, 197 F.3d 1357, 1360 (11th Cir. 1999).

Moreover, Federal Rule of Evidence 801(d)(1) provides that a prior inconsistent statement "given under penalty of perjury at a trial, hearing, or other proceeding" is not hearsay if the "declarant testifies and is subject to cross-examination about [the] prior statement." Fed. R. Evid. 801(d)(1)(A). "Prior inconsistent statements meeting the requirements of this rule are admissible as

11

substantive evidence." *United States v. Jacoby*, 955 F.2d 1527, 1539 (11th Cir. 1992).  Because Ms. Tubbs testified and was subject to cross-examination, her prior inconsistent testimony was actually not hearsay, and could have been taken as substantive evidence by the jury absent any limiting instruction.

In any event, even if we do not consider the prior testimony, Defendant's statement in the phone call that he did not buy the gun for himself, coupled with Lapsley's statement that she had to get Defendant to use his I.D. to buy the gun as well as all the other circumstantial evidence in the case, are sufficient to show that Defendant lied on Form 4473 by claiming that he was the actual buyer.  For these reasons, we find that there was sufficient evidence that Defendant made a materially false statement on Form 4473, in violation of § 922(a)(6).

## B.    Jury Instruction

Defendant next argues that he is entitled to a new trial because the court improperly refused to give his requested jury instruction.  This Court reviews *de novo* whether jury instructions are correct statements of law, but it reviews the district court's refusal to give a requested instruction only for abuse of discretion. *United States v. Hill*, 643 F.3d 807, 850 (11th Cir. 2011).  Generally, a refusal to give a requested instruction is an abuse of discretion if:  (1) the instruction is correct; (2) the court did not address the substance of the instruction in its charge; and (3) the failure to give the instruction seriously impaired the defendant's ability

12

to present an effective defense. *United States v. Sirang*, 70 F.3d 588, 593 (11th Cir. 1995).[5]

As a threshold matter, a criminal defendant is entitled to have the jury instructed on his theory of defense when there has been some evidence relevant to that defense presented at trial. *United States v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995). Assuming Defendant has met this very low burden, *see id.* ("[T]he defendant . . . is entitled to have presented instructions relating to a theory of defense for which there is *any foundation* in the evidence." (quoting *Perez v. United States*, 297 F.2d 12, 15–16 (5th Cir. 1961))), we still find Defendant's arguments unpersuasive because the requested instruction was an incorrect statement of law, the court addressed the substance of the requested instruction in its charge, and Defendant's ability to present an effective defense was not impaired.

First, Defendant's requested instruction was not legally correct because it failed to account for whether the purchaser is the actual buyer when he knows or believes that the intended recipient of the gift is a felon. The term "actual buyer" is

---

[5] Although we evaluate the proposed instruction in accordance with these standards, we note that Defendant failed to preserve this issue at trial. After the judge explained why his instruction had the same effect as Defendant's requested language, defense counsel made no further specific objections; in fact, he said he had nothing to add when prompted by the judge. *Cf. Sirang*, 70 F.3d at 594 (reviewing jury instruction for plain error when counsel objected, the district judge discussed the objection and explained why he substituted his own instruction, and counsel made no further specific objections). We thus review for plain error. *Id.* We find none, and as we explain, even if the issue were preserved, we find no reversible error.

13

not defined by statute; it is defined by Form 4473 itself.[6]  And that definition

provides that an "actual buyer" includes someone *legitimately* buying a gun as a

gift.  But Form 4473 goes on to say, "However, you may not transfer a firearm to

any person you know or have reasonable cause to believe is" a felon.  Defendant

stresses that this sentence merely warned that the buyer could not subsequently

transfer the firearm to a prohibited person.  Transferring a firearm to a prohibited

person is a separate offense under § 922(d), Defendant argues, so Form 4473 is not

concerned with whether the gift recipient is a felon.  Thus, Defendant's proposed

instruction simply instructed the jury to acquit Defendant if it found that he bought

the gun as a gift—no matter who the recipient was.

The problem for Defendant is that the instructions only exempt someone

*legitimately* purchasing a gift.  Because it is illegal to transfer a firearm to a

prohibited person, buying a gun for a known felon as a gift is not a legitimate

purchase of a gift.  Moreover, it would be odd for the instructions to Question 11.a.

to include a brief aside on the unlawfulness of transferring firearms to felons did

those instructions not intend the purchaser to take that into consideration in

responding to the actual-buyer question.  Consequently, the most natural reading of

the instructions to Question 11.a. is that an actual buyer cannot buy a gun as a gift

for a third party whom he believes is a felon.  Thus, Defendant's requested

---

[6]  The Government appears to concede that a defendant who legitimately purchases a gun as a gift has not made a false statement when he affirms that he is the actual buyer of the gun.

14

instruction was not a correct statement of law because it omitted this crucial caveat.

Second, we find no reversible error because the district court addressed the substance of the requested instruction. Defendant insists that the instructions actually given were inadequate because the jury needed to know specifically that if it found Defendant purchased the rifle as a gift, then his statement on Form 4473 was true and he was not guilty. Defendant cites *United States v. Opdahl*, 930 F.2d 1530 (11th Cir. 1991), where the defendant was charged with conspiring to bribe an IRS official. There the defendant argued that he believed he was making payments to the IRS official in order to settle a tax dispute. *Id.* at 1531–32. The defendant requested an instruction on a regulation permitting a taxpayer to settle tax disputes with the IRS, but the district court refused to give the theory of defense, finding that "the instruction [was] 'inapposite' to the facts of the case." *Id.* at 1533–34. This Court reversed, holding that the general instructions on intent did not substantially cover the theory of defense because the jury needed to be told what conduct could have been lawful according to the defendant's version of the facts. *Id.* And the court's failure to give the requested instruction—which was legally correct—seriously impaired the defense: "With no instruction as to the legality of monetary settlements reached between an agent and a taxpayer, the jury

15

was left with no legitimate and lawful alternative explanation for defendant's actions." *Id.*

Here, by contrast, the judge correctly stated the law while also presenting Defendant's theory of defense. Instead of instructing the jury that Defendant was the actual buyer if he bought the rifle as a gift, the court instructed that Defendant believed he did not make a false statement because "he purchased the firearm in order to make a *legitimate* gift of the same to Mr. Green." The court in turn instructed the jury on the elements of the offense, including that "Defendant knowingly made a false or fictitious statement," and the definition of a false statement: "A statement is 'false or fictitious' if it was untrue when made and was then known to be untrue by the person making it." Thus, the court's instruction on the elements of the offense, combined with Defendant's theory that he did not make a false statement, addressed the substance of Defendant's requested instruction.

Finally, we note that Defendant's ability to present an effective defense was not impaired. With these instructions, the jury could have found that Defendant was truthful about being the actual buyer if it believed he legitimately purchased the gun as a gift. Had the jury so concluded, it would have known to acquit Defendant. So, unlike in *Opdahl*, the jury had a lawful alternative explanation of

16

Defendant's conduct.  Unfortunately, for Defendant, the jury did not buy this alternative explanation.  In sum, we find no abuse of discretion.

## III.    <u>Conclusion</u>

For all the foregoing reasons, Defendant's conviction is affirmed.

**AFFIRMED.**